LAWRENCE R. JEROME, Appellant, *against* SAMUEL J. MORGAN *et al.*, Respondents.

(Decided June 1st, 1885).

Upon a settlement between plaintiff and defendants, of a transaction in which defendants acted as brokers for plaintiff, a certain sum was found due to plaintiff, which he demanded, but; at the request of defendants, he accepted a part of the amount, and left the remainder on deposit with defendants until the first of the following month. *Held*, that this converted what was an obligation incurred in a fiduciary capacity into an ordinary indebtedness in the nature of a loan; and that the plaintiff could recover the balance remaining unpaid in an action for money lent.

APPEAL from a judgment of the General Term of the City Court of New York reversing a judgment of that court entered upon the verdict of a jury and granting a new trial.

The facts are stated in the opinion.

*Wm. Travers Jerome*, for appellant.

*Henry S. Bennett*, for respondents.

CHARLES P. DALY, Chief Justice.—I think the reversal of the judgment by the General Term was erroneous. The testimony being in several material particulars conflicting, we must assume that the jury believed the plaintiff's testimony, which was that the defendants acted as brokers in

VOL. XIII—15

the buying and selling of corn on the plaintiff's account; and when the account was settled, that the plaintiff was entitled to the sum of $2,999.34; which having been received by the defendants in a fiduciary capacity, they could, in an action to recover it, have been arrested if they did not, upon demand, pay it to him. He demanded it, and the defendants said that they had their "money all up in Chicago" with a firm there, Schwartz & Dupree; and that they did not "like to draw it down," because they had "a corner in corn," to which the plaintiff replied, "I have no interest in it, my account is all settled, and I want to have this money." The defendant with whom the plaintiff had this conversation, which was the second time that the money had been demanded, asked the plaintiff if he could not get along with $1,000, and the plaintiff said that he could; and that he would leave the remaining $1,999.34 on deposit with them, until the first of the following month, and would give his son an order to call upon them then for a part of the money.

The jury were justified in finding that the defendants accepted this proposition of the plaintiff to take $1,000, and to leave the remainder with them on *deposit*, for they afterwards sent him a check for the $1,000, and a statement of his account, charging him with the $1,000. This converted what was an obligation incurred in a fiduciary capacity into an ordinary indebtedness (*Alliance Ins. Co.* v. *Cleveland*, 14 How. Pr. 408), which was in the nature of a loan, for it was agreeing on the part of the plaintiff that the defendants should have the use of the money until the first of the following month. A loan is defined by Webster to be "anything furnished for a temporary use to a person at his request, on condition that the specific thing shall be returned, or its equivalent in kind; that it is a permission to use; a grant of use." And within the meaning of this definition, this was giving the defendants the temporary use of this sum of $1,999.34 until the first of the following month.

In the opinion delivered by the General Term of the City Court the court say that it was not a loan, but have not point-

ed out why it was not, or entered into any inquiry as to what is essential to constitute a loan. They simply say that " the " evidence fails to show a loan of money, and reverse the judgment upon the ground that there was a fatal variance between the averment of the cause of action in the complaint—which is that the plaintiff loaned the defendants $1,999.34—and the evidence.

The judgment of the General Term, in my opinion, should be reversed, and that of the Special Term affirmed.

ALLEN, J., concurred.

Judgment reversed.